IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN M. TAYLOR, )<br>No. B81808, )<br>  )<br>         Petitioner, )<br>  )<br>vs. )<br>  )<br>KIMBERLY BUTLER, and )<br>ATTORNEY GENERAL OF ILLINOIS, )<br>  )<br>         Respondents. ) | CIVIL NO. 15-CV-00454-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Bryan M. Taylor, who is incarcerated at Menard Correctional Center, is seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Taylor's petition is aimed at upsetting his 1999 convictions for five counts of aggravated criminal sexual assault, three counts of aggravated criminal sexual abuse, two counts of aggravated unlawful restraint, and five counts of aggravated battery, for which he is serving an aggregate sentence of 51 years. *People v. Taylor*, Case No. 99-CF-110 (Cir. Ct. Saline Co., Ill. 2000), *aff'd* No. 5–00–0119 (Ill. App. 5th Dist. 2002). However, the initial thrust of the petition is that Taylor's counsel on direct appeal was ineffective because he failed to argue that the cumulative effect of trial counsel's errors denied Taylor due process and a fair trial in violation of the Sixth and Fourteenth Amendments—arguments presented in Taylor's state post-conviction petition. *People v. Taylor*, No. 5-12-0530 (Ill.

App. 5th Dist. 2014), *appeal denied,* No. 118494, 2015 WL 422974 (Ill. Jan. 28, 2015).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon initial consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As a preliminary matter, on the Court's own motion, the Attorney General of Illinois is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), cert. denied, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General of Illinois is not a proper party.

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. *See People v. Taylor*, No. 5-12-0530 (Ill. App. 5th Dist. 2014), *appeal denied,* No. 118494, 2015 WL 422974 (Ill. Jan. 28, 2015). It also appears that Taylor filed his petition in a timely manner. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS THEREFORE ORDERED** that respondent **ATTORNEY GENERAL OF ILLINOIS** is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that respondent **KIMBERLY BUTLER** shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before June 17, 2015).[1]  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

The Court notes, as should petitioner and respondent, that petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee (*see* Doc. 4). Failure to pay will likely result in the dismissal of the petition.

Finally, petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 18th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.18 12:09:02 -05'00'

**United States District Judge**