IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYAN M. TAYLOR
Petitioner,

v.                                                    No.  3:15-cv-00454-DRH-CJP

KIMBERLY BUTLER
Respondent.

## MEMORANDUM AND ORDER

Bryan M. Taylor (Petitioner), proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter § 2254).  He challenges his 1999 conviction in Saline County, Illinois for fifteen various felony counts related to the sexual assault of two female college students.  (Doc. 15, Ex. 21, p. 13).  He contends his appellate counsel was ineffective for failing to raise an argument for ineffective assistance of trial counsel on direct appeal.  (Doc. 1).  Based on the following, Petitioner's writ of habeas corpus pursuant to § 2254 is **DENIED**.

## Background

In March 1999 at approximately 12:15 p.m., two female college students were walking on a hiking trail in Illinois when an armed man in a ski mask began running towards them.  The man ordered the women to lie on their stomachs in a clearing, tied their hands above their heads with plastic ties, and forced each of them to perform oral sex on him.  One of the plastic ties had the word "vision" printed on it.  The assailant fondled the victims' breasts, sucked their toes and

breasts, licked their anuses, kissed them, forced them to kiss each other, and then ejaculated on the back of one of the victims. (Doc. 15, Ex. 2, p. 2).

The State of Illinois (the State), charged Petitioner with five-counts of aggravated criminal sexual assault, three-counts of aggravated criminal sexual abuse, two-counts of aggravated unlawful restraint, and five-counts of aggravated battery for the attack. (Doc. 15, Ex. 21, p. 13).

At Petitioner's trial, the State presented evidence Petitioner's car was parked in the hiking trail's parking lot at the time of the attack; plastic ties with the word "vision" on them were found at Petitioner's home 3.8 miles away from the hiking trail; time records indicated Petitioner took a lunch break from 11:09 a.m. to 2:34 p.m. the day of the attack; and DNA extracted from the victims matched Petitioner's DNA profile. (Doc. 15, Ex. 2, pp. 2-3).

The jury convicted Petitioner of all counts and he received an aggregate sentence of fifty-one years imprisonment:

> nine years' imprisonment for each of the aggravated criminal sexual assaults, to be served consecutively, six years on each aggravated criminal sexual abuse, to be served consecutively to each other and concurrently with all other sentences, and four years on each remaining count, again to be served consecutively to each other but concurrently with all other sentences.

*Id.* at p. 1.

Petitioner filed a direct appeal, contending (1) he was denied a fair trial because the trial judge was biased; (2) the DNA testing was so unreliable that it could not support a guilty verdict; and (3) consecutive sentences are unconstitutional. *Id.* at p. 4. The Appellate Court of Illinois for the Fifth District

denied Petitioner's appeal. *Id.* at pp. 1-9. Petitioner filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court. (Doc. 15, Ex. 19, pp. 91-110). He asserted the same arguments presented on direct appeal and, in addition, contended his appellate counsel was ineffective. *Id.* at p. 93. The Illinois Supreme Court denied the PLA. (Doc. 15, Ex. 20, p. 1).

Petitioner then filed a post-conviction petition under Illinois' Post-Conviction Hearing Act, 725 ILCS 5/122-1. He argued, in part, that his direct appeal counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. (Doc. 15, Ex. 20, pp. 2-27). The circuit court denied the petition and Petitioner appealed. Petitioner's appointed post-conviction appellate counsel filed a motion to withdraw as counsel on the ground the appeal lacked merit. The appellate court granted the counsel's motion and affirmed the circuit court's judgment. (Doc. 15, Ex. 21, p. 1). Petitioner then filed a PLA to the Illinois Supreme Court, which the court denied. (Doc. 15, Ex. 21, pp. 24-34).

Petitioner filed the instant § 2254 petition, arguing his direct appeal counsel was ineffective. (Doc. 1).

## Applicable Law

28 U.S.C. § 2254 permits persons in custody pursuant to a state court judgment to bring a petition for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a federal court can entertain a petition brought under § 2254, principles of comity mandate a petitioner first give the state an opportunity to address his constitutional claims by "invoking one complete round

of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Otherwise, the claims are procedurally defaulted and he cannot later raise them in a § 2254 petition. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).

In addition, federal courts generally cannot grant habeas relief with respect to any claim already adjudicated on the merits in state proceedings. 28 U.S.C. § 2254(d). Two exceptions arise where the state's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.*

## Analysis

Petitioner, here, asserts his appellate counsel was ineffective for failing to raise an argument for ineffective assistance of trial counsel on direct appeal. Petitioner contends his trial counsel was ineffective for: (1) failing to challenge the DNA evidence and related testimony from experts; (2) ineffectively cross-examining witnesses; (3) not contesting the admission of prior bad acts testimony; (4) pursuing an inadequate trial strategy; and (5) not preserving the record on appeal.

### 1. Admissibility of the DNA Evidence and Prior Bad Acts Testimony

Petitioner concedes that the state court already adjudicated his claims regarding the DNA evidence and prior bad acts testimony; Petitioner presented these arguments in a state post-conviction petition, an Illinois circuit court

dismissed the claims on the merits, and an Illinois appellate court affirmed the dismissal.  Petitioner asserts, however, he is entitled to habeas relief pursuant to § 2254(d).  (Doc. 22).

Section 2254(d) describes two circumstances where a federal court may grant habeas relief even when a state court already adjudicated the petitioner's claim on the merits.  Under § 2254(d)(1)'s "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that contradicts Supreme Court precedent or "reached a different outcome based on facts materially indistinguishable from those previously before the Supreme Court." *Morgan v. Hardy*, 662 F.3d 790, 797 (7th Cir. 2011) (internal quotations and citations omitted).  Pursuant to the section's "unreasonable application" clause, the state court's decision must have "unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied."  *Id.*  Lastly, "under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence."  *Id.* at 801.

Petitioner argues the Illinois appellate court unreasonably applied federal law in analyzing whether his trial counsel effectively challenged prior bad acts testimony and the admission of DNA evidence.  In assessing claims of ineffective assistance of counsel, federal courts apply the familiar test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984); a petitioner must show (1) his counsel's performance "fell below an objective standard of reasonableness" and

(2) this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 669.

The Supreme Court has explained that "[s]urmounting *Strickland*'s high bar is never an easy task," and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo v. Moore*, 562 U.S. 115, 122 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 123.

Petitioner, here, cannot show the state court unreasonably applied *Strickland*. The state court properly articulated and cited the *Strickland* test and then continued to substantively address each of Petitioner's arguments. *See* Doc. 15, Ex. 21, pp. 13-23.

### a. DNA Evidence

The State called five witnesses at Petitioner's trial to testify about the DNA testing: Suzanne Kidd, Donald Krohn, Stacie Speith, Jamie Harman, and Donna Rees. The Illinois appellate court provided a detailed summary of each of the witness's testimony and opined there was no particular point counsel should have more thoroughly explored. (Doc. 15, Ex. 21, pp. 17-19).

Petitioner contends, "Stacy Speith should have been discredited for conducting unreliable DNA tests in the past. . . ". (Doc. 1, p. 5). The state court discredited Petitioner's argument because Speith testified that she made mistakes

in the past and the trial counsel "made his point that Speith was not immune from making mistakes." (Doc. 15, Ex. 21, p. 18).

Petitioner next argues his trial counsel should have attacked Kidd's statement that the "rape-kit was actually missing" and she did not recognize "some of it." (Doc. 1, p. 5). The state court rejected this argument because Kidd testified she did not recognize a laboratory exhibit that ultimately "played no part at defendant's trial." Petitioner failed to explain how the item was important to his case. *Id.* at p. 17.

Next, Petitioner asserts trial counsel should have cross-examined Donald Krohn about the repackaging and mishandling of three exhibits. (Doc. 1, p. 5). The state court explained,

> [d]uring direct examination by the State, Krohn testified that the envelopes marked People's exhibit 28C, 28E, and 28G did not bear his initials and were 'not [his] package' or 'not [his] envelopes.' . . . However, nothing in Krohn's testimony suggested a weak or broken chain of custody. With each of the three aforementioned exhibits, Krohn opened the exhibit and positively identified the items contained therein, thus providing the requisite chain-of-custody. It was the items contained in the envelopes, not the envelopes themselves, that were important to the State's case against defendant.

(Doc. 15, Ex. 21, p. 17).

Petitioner further contends his trial counsel failed to properly cross-examine Donna Rees regarding her role in conducting the DNA testing. The state court found this argument meritless because "Rees testified in abundant detail about DNA analyses she had performed" and, furthermore, Petitioner did not

point to any line of questioning counsel should have pursued.  (Doc. 15, Ex. 21, p. 18).

Finally, Petitioner asserts his trial counsel ineffectively cross-examined Jamie Harman about the chain of custody and how Petitioner's DNA "came into existence on a rectal swab."  (Doc. 1, p. 6).  The state court explained Harman's testimony did not bring to light any deficiency in the chain of custody.  Additionally, although Harman stated she did not know how Petitioner's DNA got on the swab, a DNA analyst "has no way of knowing the circumstances under which the DNA material was deposited in the lace where it was found."  (Doc. 15, Ex. 21, pp. 17-18).

Defense expert Dr. Thomas P. Breen also offered testimony regarding the DNA evidence.  He opined the State's handling of the DNA material rendered its analysis wholly unreliable.  Petitioner asserts Dr. Breen created a "full outline" of his findings and the trial counsel failed to utilize the report to attack the State's DNA evidence.  (Doc. 1, p. 5).  The Illinois appellate court noted that Dr. Breen never mentioned any written outline and Petitioner failed to attach it to his petition.  Moreover, the court found that even if the outline existed, "no significant harm would have resulted from not submitting it to the jury during deliberations. Breen was a thorough and articulate expert witness who cogently criticized the handling of the DNA evidence by the State employees."  (Doc. 15, Ex. 21, p. 21).

The state court, here, obviously executed a reasonable application of the *Strickland* test.  It summarized the witness's testimony with considerable detail

and explained why the trial counsel's performance was effective in each circumstance. When "[t]he state court takes the rule seriously and produces an answer within the range of defensible positions, § 2254(d)(1) requires the federal court to deny the petition." *Mendiola v. Schomig*, 224 F.3d 589, 591-92 (7th Cir. 2000). Section 2254(d) therefore forecloses habeas relief on these grounds.

### b. *Prior Bad Acts Testimony*

The State called four witnesses who testified to prior conversations during which Petitioner expressed a desire to engage in certain sexual or sensual activities that took place during the assaults. Petitioner argues his trial counsel was ineffective for not objecting to the testimony. The Illinois appellate court found, "Such testimony did not run afoul of the hearsay rule, for it concerned admissions made by defendant himself . . . Therefore, any objection to the testimony on hearsay grounds would have been unavailing." It concluded, "Where no hearsay or other problem existed, trial counsel was not obligated to object to these four witnesses' testimonies." (Doc. 15, Ex. 21, p. 16). The Sixth Amendment does not require counsel to press meritless arguments on the court. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). It was therefore reasonable for the state court to find Petitioner's appellate counsel rendered effective assistance.

In addition, the trial counsel did, in fact, object to the prior bad acts testimony at trial. (Doc. 15, Ex. 8, pp. 1034-47, 53-59). For instance, when the State sought to call a witness to testify that Petitioner asked to suck her toes, trial

counsel specifically argued, "For the record, Judge, I would like to point out that the prejudicial effect as against the interest of the defendant in this case will likely be enormous and that in the humble opinion of defense that that outweighs the probative value that this evidence could offer." (Doc. 15, Ex. 8, p. 44).

To the extent Petitioner attacks Illinois' interpretation of its own rules of evidence, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner's argument that his trial counsel was ineffective for not objecting to the prior bad acts testimony has no support in the record. Thus, the state court reasonably found appellate counsel was effective in not raising this argument on appeal.

### 2. Cross-Examination of State Witnesses and Deficient Trial Strategy

To avoid procedural default under Illinois' two-tiered appeals process, a petitioner must present his claims to an intermediate appellate court and to the Illinois Supreme Court, or throughout post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Respondent asserts Petitioner procedurally defaulted his allegations that appellate counsel was ineffective for not arguing trial counsel ineffectively cross-examined witnesses and pursued a deficient trial strategy. Petitioner raised these arguments in his state post-conviction petition and his post-conviction appeal. (Doc. 15, Ex. 20, p. 26; Doc. 15, Ex. 21, pp. 5-6). However, he was also

required to present the arguments to the Illinois Supreme Court in a PLA. *O'Sullivan*, 526 U.S. 838 at 848. Petitioner's PLA from the denial of his post-conviction petition does not allege either of these arguments and, thus, they are procedurally defaulted. (Doc. 15, Ex. 21, pp. 24-30).

"Procedural default may be excused, however, if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013).

Petitioner does not allege cause for the procedural default and he cannot show that procedural default would result in a miscarriage of justice. In *McQuiggin v. Perkins*, the Supreme Court held that "a credible showing of actual innocence" may overcome procedural default because the Court's refusal to consider the petition would result in a "fundamental miscarriage of justice." 569 U.S. 383, 392 (2013). A showing of actual innocence is "demanding" and "seldom met." *Id.* at 386.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him

guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, petitioner does not present any new evidence or otherwise make an argument under *McQuiggin*. As such, he cannot meet *McQuiggin's* fundamental miscarriage of justice standard.

### 3. Inadequate Preservation of the Record on Appeal

The usual notice pleading standard for civil plaintiffs is not applicable to § 2254 petitions. *See Mayles v. Felix*, 545 U.S. 644, 669 (2005). Instead, Rule 2(c)(2) of the Rules Governing Section 2254 Cases provides that a petition must "state the facts supporting each ground [for relief]."

Petitioner alleges his appellate counsel failed to preserve the record for appeal, but does not allege any facts in support of this argument. Therefore, this ground for relief fails to set forth a claim for habeas review.

### 4. Cumulative Effect Argument

Petitioner asserts the Court should not consider the individual effects of each ground for relief, but rather, the cumulative effects of his counsel's errors. He cites *Earls v. McCaughtry* in support of his argument. 379 F.3d 489 (7th Cir. 2004). There, the Seventh Circuit held, "[W]here, like here, the defense attorney made multiple errors as opposed to a single error, the cumulative effect of those

errors should be considered together to determine the possibility of prejudice." *Id.* at 495-96.

*Earls* is materially distinguishable from the case at bar. In *Earls*, the court found that the petitioner's counsel failed to object to testimony that "was pivotal-indeed." *Id.* at 496. The error was compounded when the jury received a transcript of the testimony during deliberations. *Id.* Here, Petitioner fails to establish any errors on behalf of his counsel. In addition, the claims presented in *Earls* complied with the procedural rules governing § 2254 petitions and they were not barred from adjudication by § 2254(d). Thus, *Earls* does not serve to cure the defects in Petitioner's arguments.

### 5. *Certificate of Appealability*

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court should issue a certificate only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the Court dismisses a petition on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must establish both components for a COA to issue.

Here, it is clear that Petitioner's petition is procedurally defaulted, barred from review under § 2254(d), and/or meritless. In addition, he has not advanced a credible claim of actual innocence within the meaning of *McQuiggin* and *Schlup*. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Based on the foregoing, Taylor's petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED.** The Clerk of Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.29
06:36:12 -06'00'

**UNITED STATES DISTRICT JUDGE**